UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYLER YZAGUIRRE,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>Defendants. | No. 1:24-cv-01828-APM |

### DEFENDANTS' MOTION TO HOLD DEFENDANTS' RESPONSIVE PLEADING DEADLINE IN ABEYANCE

Defendants District of Columbia and Metropolitan Police Department Chief Pamela Smith (collectively, the District) respectfully move to hold the responsive pleading deadline in abeyance and to clarify the Court's July 12, 2024, Minute Order.[1]

Plaintiffs filed their Complaint [1] on June 25, 2024. The District's responsive pleading deadline is currently July 17 [9]. On July 7, Plaintiffs moved for a preliminary injunction [11]. Ordinarily, in Second Amendment cases seeking a preliminary injunction like this one, the District has moved to, among other things, hold the responsive pleading deadline in abeyance pending resolution of the preliminary injunction motion. Courts have uniformly granted that request. Min. Order, *Heller v. District of Columbia*, No. 22-cv-1894 (D.D.C. July 14, 2022); Min. Order, *Angelo v. District of Columbia*, No. 22-cv-1878 (D.D.C. July 15, 2022); Min. Order, *Hanson v. District of Columbia*, No. 22-cv-2256 (D.D.C. Sept. 7, 2022); Min. Order, *Dotson v.*

---

[1] Plaintiffs take no position on this Motion but previously stated on the record that they do not oppose holding the responsive pleading deadline in abeyance, the relief sought here. Jt. Status Rep. [14] at 5 n.2.

*District of Columbia*, No. 24-cv-1864 (D.D.C. July 3, 2024); Min. Order, *Russell v. District of Columbia*, No. 24-cv-1820 (D.D.C. July 12, 2024).

Before the District could file a similar motion here, the Court ordered the Parties to file a joint status report proposing a briefing schedule for the preliminary injunction motion. July 9, 2024, Min. Order. So, in that report, the District included its standard request to hold the responsive pleading deadline in abeyance. Jt. Status Rep. [14] at 2 n.1. Plaintiffs consented to that request. *Id.* at 5 n.2. The Parties nonetheless proposed different briefing schedules for the preliminary injunction motion. *Id.* at 1–5. And the District separately moved to stay the case pending a related case at the D.C. Circuit [15].

The next day (today), the Court entered a minute order stating:

> Plaintiffs shall respond to Defendants' Motion to Stay the Case, ECF No. [15], on or before July 19, 2024. The court will not enter a scheduling order until it receives Plaintiffs' opposition. That said, whatever schedule the court ultimately enters, Defendants should presume that their time for responding *to the complaint* is presently running while the court awaits a response from Plaintiffs.

July 12, 2024, Min. Order (emphasis added). Under this order, this District is required to respond to the Complaint *before* an opposition to its motion to stay is due and thus *before* the Court sets a schedule. But the Parties agree that the District should not have to respond to the Complaint until after the preliminary injunction proceedings are resolved—which the Court will not even set a schedule for until after the current responsive pleading deadline. In short, under the Minute Order, the District is required to file a motion to dismiss or answer in one of its most complex and important cases in a matter of three business days, despite the Parties' agreement that the responsive pleading deadline should be paused. The District assumes that was not the Court's intention, but makes this separate motion now, out of an abundance of caution, to preserve its rights.

As a more general matter, holding the responsive pleading deadline in abeyance promotes efficiency and judicial economy for everyone involved in this case. Because Plaintiffs move for emergency relief, the Parties' efforts should first be focused on briefing and arguing that motion. But keeping the responsive pleading deadline as is would force the Parties to brief another motion. Likewise, the Court would be faced with an additional motion to decide. Yet, a motion to dismiss need not be briefed or decided now because there is nothing time-sensitive about that motion. Moreover, focusing on the motion for a preliminary injunction first would allow the Parties to later brief the motion to dismiss with the benefit of the Court's opinion on the preliminary injunction. That could streamline briefing and even obviate the need for a motion to dismiss.

For these reasons, the District requests that the Court enter an order holding all responsive pleading deadlines in this case in abeyance, pending the resolution of Plaintiffs' motion for preliminary injunction. If the Court in fact intended for the District to move to dismiss or answer by this coming Wednesday, the District requests an order to that effect at the Court's earliest convenience.[2]

Pursuant to LCvR 7(a), this Motion includes all supporting points of law and authority. A proposed order follows, as required by LCvR 7(c).

Date: July 12, 2024.                                    Respectfully submitted,

                                                                            BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

---

[2] If the Court is not inclined to hold the responsive pleading deadline in abeyance, the District respectfully requests that, at a minimum, the Court extend the deadline to whatever date it sets for the opposition to the preliminary injunction motion.

3

        */s/ Matthew R. Blecher*
        MATTHEW R. BLECHER [1012957]
        Chief, Civil Litigation Division, Equity Section

        */s/ Honey Morton*
        HONEY MORTON [1019878]
        Assistant Chief, Equity Section

        */s/ Adam J. Tuetken*
        ADAM J. TUETKEN [242215]
        MATEYA B. KELLEY [888219451]
        Assistant Attorneys General
        Civil Litigation Division
        400 6th Street, NW
        Washington, D.C. 20001
        Phone: (202) 735-7474
        Email: adam.tuetken@dc.gov

        *Counsel for Defendants*