UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TYLER YZAGUIRRE**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> **Defendants.** | No. 1:24-cv-01828-APM |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of July 29, 2024, Plaintiffs and Defendants submit this Joint Status Report upon the expiration of the stay entered on July 29, 2024. The Parties agree that this case should not be consolidated, in whole or in part, with the related case of *Clemendor v. District of Columbia*, Civil Action No. 24-01955. The Parties conferred but could not agree on a proposed schedule, so they submit competing proposals below.

**PLAINTIFFS' POSITION**

Plaintiffs respectfully submit that the Court should adhere to its well-reasoned stay order, which provided that the stay would expire "the earlier of August 31, 2024, or the D.C. Circuit panel's ruling in Hanson." ECF No. 20. Recognizing the Plaintiffs' position that a prolonged, indefinite stay would continue to inflict irreparable injury, the Court reasoned that "a time-limited pause" would be necessary to "mitigate[] the harm Plaintiffs assert a stay will cause." ECF No. 20 (emphasis added). The reasonable time limit that the Court chose has expired, and the Plaintiffs assert that this case should now proceed in the normal course.

Accordingly, Plaintiffs do not consent to the extension of the stay that the District proposes. Instead, Plaintiffs respectfully submit that the Court should order the District to respond to the

Plaintiffs' Motion for a Preliminary Injunction within forty-five (45) days of the stay's expiration. Plaintiffs further respectfully request forty-five (45) days from the filing of the District's opposition to file their Reply in Support of their Motion for a Preliminary Injunction.

Given that the District has already retained experts, see infra, their request for seventy-five (75) days to respond to the Plaintiffs Motion for a Preliminary Injunction is unreasonable. Should the Court disagree, and thus provide it with seventy-five (75) days to file their Opposition, the Plaintiffs respectfully request for an equivalent time (seventy-five (75) days) to submit their Reply.

## DEFENDANTS' POSITION

The D.C. Circuit has yet to issue its opinion in *Hanson v. District of Columbia*, 23-706, but a decision is still expected to arrive any day.  For all the reasons set forth in the Court's Order and Defendants' Motion to Stay Case [15], Defendants believe that a brief extension of the stay is still the most efficient course of action for all Parties and the Court.  All the reasons for a stay are still present.  In sum, Defendants anticipate raising many of the same legal arguments in this case as those that are at issue before the Circuit in *Hanson* and proffering a half dozen or more experts in their defense of this case.  The money and effort spent in preparing that defense, or in considering it, may be wasted in whole or large part if the *Hanson* decision significantly changes the shape of the law.  Further, as the Court explained, "[t]he D.C. Circuit historically has resolved cases submitted during a term by the start of the next one."  *Yzaguirre* Order [20] at 1.  Accordingly, because *Hanson* was not decided in August, it is highly likely to be decided in September.  Thus, Defendants propose that the Court extend the stay for another 30 days, or until the decision issues, with a joint status report to follow within three business days, as before.

In the alternative, if the Court does not extend the stay, Defendants again propose they be permitted 75 days to oppose Plaintiffs' motion for preliminary injunction.  Although the case has

been stayed, Defendants have acted diligently in the last month to recruit and approve funding for a slate of experts in their defense. However, those experts have not been working on their declarations, nor has counsel been preparing briefing, because, as noted above, Defendants anticipate receipt of binding precedent that may change the defenses available here and wish to conserve limited resources. A 75-day extension of the deadline to respond would permit Defendants to put forth a vigorous defense in this matter of significant public interest. Defendants agree with whatever amount of time Plaintiffs would like to reply.

Respectfully submitted,

By: /s/ George L. Lyon, Jr.
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom
(D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

*/s/ Edward M. Wenger*
Edward M. Wenger
D.C. Bar No. 1001704
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK,
PLLC
2300 N Street NW, Suite 643
Washington, DC 20037
(202) 737-8808 (phone)
(540) 341-8809 (facsimile)
emwenger@holtzmanvogel.com

|  |  |
|---|---|
|  | Kenneth C. Daines<br>D.C. Bar No. 1600753<br>Andrew B. Pardue<br>D.C. Bar No. 7650715<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK, PLLC<br>15405 John Marshall Highway<br>Haymarket, VA 20169<br>(202) 737-8808 (phone)<br>(540) 341-8809 (facsimile)<br>kdaines@holtzmanvogel.com<br>apardue@holtzmanvogel.com<br><br>*Counsel for Plaintiffs* |
| Date: September 5, 2024. | Respectfully submitted,<br><br>BRIAN L. SCHWALB<br>Attorney General for the District of Columbia<br><br>STEPHANIE E. LITOS<br>Deputy Attorney General<br>Civil Litigation Division<br><br>*/s/ Matthew R. Blecher*<br>MATTHEW R. BLECHER [1012957]<br>Chief, Civil Litigation Division, Equity Section<br><br>*/s/ Honey Morton*<br>HONEY MORTON [1019878]<br>Assistant Chief, Equity Section<br><br>*/s/ Mateya B. Kelley*<br>ADAM J. TUETKEN [242215]<br>MATEYA B. KELLEY [888219451]<br>Assistant Attorneys General<br>Civil Litigation Division<br>400 6th Street, NW<br>Washington, D.C. 20001<br>Phone: (202) 724-7854<br>Email: mateya.kelley@dc.gov<br><br>*Counsel for Defendants* |