**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TYLER YZAGUIRRE**, *et al.*,<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>    **Defendants.** | **No. 1:24-cv-01828-APM** |

## DEFENDANTS' CONSENT MOTION TO STAY THE CASE

Defendants District of Columbia and Metropolitan Police Department Interim Chief Jeffery W. Carroll[1] (collectively, "the District") move to stay this case pending the Supreme Court's resolution of *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566 (collectively, "*Viramontes*"). This case is a Second Amendment challenge to the District's prohibition on possession of assault weapons. *See* D.C. Code §§ 7-2502.02(a)(6), 7-2501.01(3A); Compl. [1]. In *Viramontes*, the Supreme Court recently granted certiorari in two consolidated cases challenging state and local laws prohibiting possession of "AR-15 platform and similar semiautomatic rifles," which are some of firearms covered by the District's law. Pet. for Cert. at i, *Viramontes*, No. 25-238 (U.S. Aug. 27, 2025); *see* Pet. for Cert. at i, *Grant*, No. 25-266 (U.S. Nov. 7, 2025). Given the overlap in issues presented, this case should be stayed pending *Viramontes*.

---

[1]    The Complaint named former Chief Pamela A. Smith as Defendant, but the current Interim Chief is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

The Court has "inherent" power to stay a case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power is "appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016); *see also, e.g.*, *P.J.E.S. by & through Francisco v. Mayorkas*, No. 20-cv-2245, 2023 WL 387570, at *5 (D.D.C. Jan. 25, 2023) (staying case pending appellate proceedings); *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011) (same). When deciding whether to stay a case pending other proceedings, the Court considers (1) the effect of the parallel case on the case at bar and judicial economy gains, and (2) the balance of hardships. *Allen v. District of Columbia*, No. 20-cv-2453, 2024 WL 379811, at *2 (D.D.C. Feb. 1, 2024).

On the effect of *Viramontes*, a stay is warranted if resolution of *Viramontes* "will likely 'narrow the issues in the pending case[ ] and assist in the determination of the questions of law involved.'" *Hulley*, 211 F. Supp. 3d at 276 (quoting *Landis*, 299 U.S. at 253). A stay is justifiable even where the "parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others." *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (quoting *Landis*, 299 U.S. at 256). This case and *Viramontes* involve Second Amendment challenges to laws prohibiting some of the same weapons, including the AR-15. As a result, the Supreme Court's decision will likely inform how this Court decides Plaintiffs' challenge to portions of the District's law. More broadly, *Viramontes* is the Supreme Court's first opportunity to apply the framework announced in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), to a challenge to a ban on alleged "arms" protected by the Second Amendment. Accordingly, the Supreme Court is likely to provide guidance on how courts decide challenges to bans on alleged "arms." In doing so, the Court may resolve some of the key contested issues in this case, including what "arms" are

covered by the Second Amendment at *Bruen*'s step one, which party bears the burden to show "common use," what it means for an instrument to be "in common use," and what historical principles apply to modern governments' ability to restrict types of weapons. In all, the Supreme Court is likely to decide some of the issues here or at least provide critical guidance in a hotly contested area. Either way, a stay serves judicial economy because it conserves the Parties' and this Court's resources until the Supreme Court weighs in. *See Allen*, 2024 WL 379811, at *3 (staying Second Amendment case when the Supreme Court would likely clarify the application of *Bruen* and address similar arguments and historical sources); Mem. Op. & Order [44] at 9, *Millard v. Gov't of the Dist. of Columbia*, No. 22-cv-2672 (D.D.C. Feb. 29, 2024) (*Millard* Op.) (same).

On the second prong, the Parties face hardships if this case goes forward without waiting for *Viramontes*. The District has pending before the Court a *partial* motion to dismiss [26], so discovery will begin no matter how that motion is resolved. But if the Parties begin or complete discovery or summary judgment briefing before *Viramontes* is decided, then any time, money, resources, or effort spent on discovery or motions practice could be wasted if the Supreme Court decides any issues in this case. In addition, the Parties may want to reopen discovery or redo briefing in light of the Supreme Court's decision. At bottom, this case should not begin in earnest until the Parties and the Court know the Supreme Court's framework for deciding such a challenge and its opinion on some of the issues raised here. *See Allen*, 2024 WL 379811, at *5 (granting stay for similar reasons); *Millard* Op. at 11–12 (same).

Nor will a stay harm Plaintiffs, for several reasons. First, the District met and conferred with Plaintiffs, and they consent to a stay (subject to a condition further discussed below). Second, Plaintiffs already conceded that they do not face irreparable harm while this case is

pending. *See* Pls.' Not. [24] at 1. And third, denying a stay may prolong the length of this case—and thus Plaintiffs' opportunity to obtain relief. That is because if discovery or briefing needs to be redone in light of *Viramontes*, that pushes off the time when this case will be ripe for this Court to enter a judgment providing relief to Plaintiffs, should they succeed. *See Allen*, 2024 WL 379811, at *5 (weighing similar consideration when granting a stay).

For all these reasons, the Court should stay this case pending a decision in *Viramontes*. The District proposes that the Court order the Parties to submit a joint status report proposing next steps for the case within 30 days of a decision in *Viramontes*. A proposed order consistent with that approach is attached.

Pursuant to LCvR 7(m), the Parties conferred on this motion, and Plaintiffs consent to the stay conditioned on the stay terminating upon the Supreme Court's issuance of its decision. Plaintiffs have "no objection" to the Court requiring a joint status report within 30 days of a decision, "as long as [their] right to immediately file for summary judgement is not limited." *Cf.* Fed. R. Civ. P. 56(b).

Pursuant to LCvR 7(a), this motion includes all supporting points of law and authority.

Date: July 21, 2026.

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

4

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendants*